HARRIET G. GLOVER, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Public administrator — liability of city for acts of — evidence — comparison of handwriting.*

All persons aggrieved by the unauthorized acts and omissions of the public administrator of the city of New York, have the same remedy against the corporation, that they would have against an executor. (2 R. S., 127, § 43.) It was the intention of the statute (2 R. S., 127, §§ 42, 43) to give the aggrieved party a direct remedy, by suit against the city (approving *Matthews* v. *Mayor*, 1 Sandf., 132), and not to require the claimant to seek an accounting in the Surrogate's Court.

When different instruments are properly in evidence, for other purposes, the handwriting of such instruments may be compared by the jury, and the genuineness or simulation of the handwriting in question be inferred from such comparison, but other instruments or signatures cannot be introduced for that purpose. (*Van Wyck* v. *McIntosh*, 14 N. Y., 439; *Dubois* v. *Baker*, 30 id., 355; *Randolph* v. *Loughlin*, 48 id., 456.) Such being the rule, *held*, error to admit letters in evidence for the mere purpose of comparison of handwriting. (*Doe* v. *Newton*, 5 Adolph. & Ellis, 514; *Van Wyck* v. *McIntosh*, 14 N. Y., 439; *Dubois* v. *Baker*, 30 id., 355; *Randolph* v. *Loughlin*, 48 id., 456.)

APPEAL from a judgment in favor of plaintiff, entered on the report of a referee.

*James M. Smith,* for the appellant. *W. C. Trull,* for the respondent.

Opinion by DAVIS, P. J. DANIELS and BRADY, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.